UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

    Plaintiff,

v.                               Case No. 8:24-cv-359-KKM-NHA

OCTAVIA SMITH, *et al.*,

    Defendants.
_____/

## ORDER

The Court grants Plaintiff's motion for entry of Clerk's default against D.A.R. Trucking, Inc. (Doc. 25).

## Background

In this action, Plaintiff seeks a declaration of its rights under a commercial automobile policy, including a whether the policy provides bodily injury liability coverage to Defendant D.A.R. Trucking. Compl. (Doc. 1).

Plaintiff alleges that, on February 15, 2024, it properly served Defendant D.A.R. Trucking (*see* Doc. 10) and that D.A.R. Trucking failed to

answer or otherwise respond to the suit. Doc. 25. On March 11, 2024, Plaintiff filed a motion for Clerk's default against D.A.R. Trucking. *Id.*

## Analysis

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations. It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). A corporation may also be served by following state law in which the district

court is located or in which service is effected. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1).

Here, the return of service demonstrates that Plaintiff served D.A.R. Trucking on February 15, 2024, by serving a copy of the summons and complaint on Tara Pawlikowski. Doc. 10. Records of the Florida Department of State, Division of Corporations, confirm Ms. Pawlikowski is the registered agent of D.A.R. Trucking.[1] Thus, Plaintiff has served D.A.R. Trucking in accordance with Rule 4.

D.A.R. Trucking had until March 7, 2024, 21 days after being served with the summons and complaint, to answer or otherwise respond. FED. R. CIV. P. 12(a)(1)(A). D.A.R. Trucking has not answered Plaintiff's complaint or otherwise demonstrated an intent to defend itself in this action, and the time to do so has expired. Pursuant to Local Rule 1.10(b), Plaintiff had until

---

[1] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

April 4, 2024, to move for Clerk's default, and Plaintiff timely did so on March 11, 2024 (Doc. 25).

Accordingly:

1. Plaintiff's motion for Clerk's default (Doc. 25) is GRANTED.

2. The Clerk is DIRECTED to enter default against Defendant D.A.R. Trucking, Inc.

3. Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

ORDERED on March 18, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge