UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

    Plaintiff,

v.                                                 Case No. 8:24-cv-359-KKM-NHA

OCTAVIA SMITH, *et al.*,

    Defendants.
_____/

## **ORDER**

The Court grants Plaintiff's motion for entry of Clerk's default against D A R Trucking FL Corp (Doc. 28).

### **Background**

In this action, Plaintiff seeks a declaration of its rights under a commercial automobile policy, including a whether the policy provides bodily injury liability coverage to Defendant D A R Trucking FL. Compl. (Doc. 1).

Plaintiff alleges that, on February 24, 2024, it properly served Defendant D A R Trucking FL (*see* Doc. 18) and that D A R Trucking FL failed to answer or otherwise respond to the suit. Doc. 28. On March 20,

2024, Plaintiff filed a motion for Clerk's default against D A R Trucking FL. *Id.*

## Analysis

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations. It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). A corporation may also be served by following state law in which the district

court is located or in which service is effected. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1).

Section 48.081 of the Florida Statutes governs service of process on corporations in Florida. That statute sets forth a hierarchy of persons who may accept service on a corporation's behalf. Subsection (2) directs plaintiffs to first attempt service on the corporation's registered agent. *See* Fla. Stat. § 48.081(2). Subsection (5) specifies, "If the address for the registered agent or any person listed publicly by the [corporation] on its latest annual report, as most recently amended, is a residence, . . . service on the [corporation] . . . may be made by serving . . . [t]he registered agent . . . in accordance with section 48.031." Fla. Stat. § 48.062(5).

In turn, Section 48.031 provides that service of process may be accomplished "by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a).

Here, the return of service demonstrates that Plaintiff served D A R Trucking FL on February 24, 2024, by serving a copy of the summons and

complaint on Juliana Cabrales at 15613 SW 63rd Ter., Miami, FL 33193, and informing Ms. Cabrales of the contents of the service. Doc. 18. The return of service indicates that Ms. Cabrales is the 45-year-old step-mother and a co-resident of Angeles Cabrales, the registered agent of D A R Trucking FL. *Id*. Records of the Florida Department of State, Division of Corporations, confirm Angeles Cabrales is the registered agent of D A R Trucking FL, and his address is listed as 15613 SW 63rd Ter., Miami, FL 33193.[1] Thus, by serving a co-resident over the age of 15 at the registered agent's residential address, and informing her of the contents of the service, Plaintiff has served D A R Trucking FL in accordance with Section 48.081 of the Florida Statutes.

D A R Trucking FL had until March 18, 2024, 21 days after being served with the summons and complaint, to answer or otherwise respond. FED. R. CIV. P. 12(a)(1)(A). D A R Trucking FL has not answered Plaintiff's

---

[1] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

complaint or otherwise demonstrated an intent to defend itself in this action, and the time to do so has expired. Pursuant to Local Rule 1.10(b), Plaintiff had until April 15, 2024, to move for Clerk's default, and Plaintiff timely did so on March 20, 2024 (Doc. 28).

Accordingly:

1. Plaintiff's motion for Clerk's default (Doc. 28) is GRANTED.
2. The Clerk is DIRECTED to enter default against Defendant D A R Trucking FL.
3. Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

ORDERED on March 20, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge